UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

COURT FILE NO.: _____

| | |
|---|---|
| Janet Mandato<br>4284 Buckeye Avenue<br>Willoughby, OH 44094<br><br>   Plaintiff,<br>v.<br><br>Nelson, Watson and Associates, LLC<br>80 Merrimack Street<br>Lower Level<br>Haverhill, Massachusetts 01830<br><br><br>   Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PARTIES AND JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's

personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Janet Mandato is a natural person who resides in the City of Willoughby, Ohio County of Lake, State of Ohio, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Nelson, Watson and Associates, LLC is a collection agency operating from an address of 80 Merrimack Street, Lower Level, Haverhill, Massachusetts 01830 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 5 above as though fully set forth herein.

7. A principle part of Defendant Nelson, Watson and Associates, LLC's business is the collection of consumer debts using the mail and telephone. Defendant Nelson, Watson and Associates, LLC regularly and in the ordinary course of business attempts to collect consumer debts alleged to be due another.

8. Sometime during or prior to 2010, Plaintiff allegedly created account ending 1370 with Capital One and therefore incurred a financial obligation primarily for personal, family or household purposes. This obligation allegedly went into default for late payment. Capital One retained Defendant Nelson, Watson and Associates, LLC to collect alleged money due on account ending 1370 from Plaintiff on their behalf creating an agency relationship.

9. On or about January 22, 2009, Plaintiff, in an effort to resolve this debt, retained the services of The Mossler Law Firm, P.C., a law firm that provides assistance to consumers struggling with consumer-related debt issues.

10. On or about September 8, 2009, The Mossler Law Firm, P.C. sent a letter of representation to Defendant Nelson, Watson and Associates, LLC. This letter notified Defendant that Plaintiff was represented by counsel and instructed Defendant to cease communication with Plaintiff from that point forward.

11. On or about October 1, 2009 Defendant Nelson, Watson and Associates, LLC mailed Plaintiff a letter, which was sent to Plaintiff for the purpose of collecting the debt.

## FIRST CAUSE OF ACTION

(VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT)

12. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 11 above as though fully set forth herein.

13. Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6).

14. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692c(d) and 15 U.S.C. 1692a(3).

15. Defendant's actions violated the Federal Fair Debt Collection Practices Act. Defendant's violations include, but are not limited to, the following:

    (a) Initiating communication with Plaintiff when Defendant knew or had reason to know that Plaintiff was represented by an attorney and the attorney's name and contact information are known or can be readily ascertained.  15 U.S.C. section 1692c(a)(2).

16. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

17. As a result of Defendant's violations of the Federal Fair Debt Collection Practices Act, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(a)(2)(A), and reasonable attorneys fees and costs pursuant to 15 U.S.C. 1692k(a)(3), from each and every Defendant herein.

## SECOND CAUSE OF ACTION

(NEGLIGENCE)

18. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 17 above as though fully set forth herein.

19. Defendant owed a duty of care to Plaintiff to not contact Plaintiff when Defendant was notified that Plaintiff had retained an attorney.

20. Defendant breached that duty by contacting Plaintiff directly after being advised that Plaintiff was represented by an attorney.

21. As a proximate result of the breach by Defendant, as herein alleged, Plaintiff has been damaged in an amount according to damages proved in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them as follows:

    1. For actual damages, in an amount to be proven at trial, pursuant to 15 U.S.C. 1692k(a)(1), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

    2. For statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A) in the amount of $1,000;

    3. For reasonable attorneys fees and costs incurred in connection herewith pursuant to 15 U.S.C. 1692k(a)(3); and

    4. For actual damages sustained by Plaintiff due to Defendant's negligence.

    5. For such other relief as the Court may deem just and proper.

-5-

                                                            Respectfully submitted,

Dated: 9/16/10                         **VIDMAR AND HARDESTY, LTD.**
                                                    By: /s/ Christian Hardesty
                                                      Christian Hardesty (0078289)
                                                      1971 West Fifth Avenue, Suite 4
                                                      Columbus, OH 43212
                                                      Telephone: (614) 543-0369
                                                      Facsimile: (614) 543-1306
                                                      Attorney for Plaintiff